UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 8:16-cr-00264-VMC-TGW

NALITA RAJKUMAR

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Middle District of Florida (hereinafter referred to as the "United States" or the "government"), and Nalita Rajkumar (hereinafter referred to as the "defendant"), enter into the following agreement:

1.    Count Pleading To

The defendant agrees to plead guilty to Count 1 of the Indictment which charges the defendant with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. The defendant acknowledges that she has read the charge against her contained in the Indictment and that the charge has been fully explained to her by her attorney.

2.    <u>Maximum Penalties and Special Assessments</u>

The defendant understands and acknowledges that as to Count 1, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years.  In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment.  In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000 or twice the value of the property involved.

The defendant further understands and acknowledges that, in addition to any sentence imposed under this section, a special assessment in the total amount of $100 will be imposed on the defendant.  The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

3.    <u>Sentencing Process</u>

The defendant is aware that the sentence will be imposed by the Court. The defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines") in effect at the time of the sentencing in determining that reasonable sentence.  The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's Probation Office,

which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in section 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4.    <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count 1 are:

<u>First:</u>        two or more persons, in some way or manner,
            agreed to try to accomplish a common and

3

unlawful plan to commit health care fraud, as charged in the Indictment; and

Second:    the Defendant knew the unlawful purpose of the plan and willfully joined in it.

5.    No Further Charges

If the Court accepts this plea agreement, the Fraud Section of the Criminal Division of the U.S. Department of Justice and the United States Attorney's Office for the Middle District of Florida agree not to charge defendant with committing any other federal criminal offenses known to the Fraud Section of the Criminal Division of the U.S. Department of Justice or the United States Attorney's Office for the Middle District of Florida at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution in the amount of $1,347,996 to the U.S. Department of Defense, Defense Health Agency (TRICARE).    The defendant shall be jointly and severally liable with her co-conspirators for this restitution amount.

The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

## 7.    Exclusion from Federal Health Care Programs

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from TRICARE, Medicare, Medicaid, and all Federal health care programs.  Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid.

## 8.    Immigration Consequences

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States.  Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty.  In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime.  Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration

5

consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

9.    Guidelines Sentence

The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a)    That the offense level pursuant to the Sentencing Guidelines is determined as follows, except as set forth in (b) below:

| Guideline | Description | Levels |
|---|---|---|
| § 2B1.1(a)(2) | Base Offense | 6 |
| § 2B1.1(b)(1)(H) | Loss | +14 |
| § 2B1.1(b)(7) | Government Health Care | +2 |
| § 3B1.3 | Abuse of Trust/Special Skill | +2 |
| TOTAL OFFENSE LEVEL: | | 24 |
| | | |
| § 3E1.1 | Acceptance of Responsibility | -3 |
| TOTAL ADJUSTED OFFENSE LEVEL | | 21 |

(b)    The United States and the Defendant reserve their ability to present evidence and argument at the sentencing hearing regarding the applicability of § 3B1.2 (mitigating role).

10.    Acceptance of Responsibility and Cooperation

The defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice and the United States Attorney's Office for the Middle District of Florida, and with federal regulatory officials charged with regulating or overseeing the TRICARE program by providing full, complete and truthful information regarding her knowledge, conduct and actions and by providing active cooperation in ongoing investigations if requested to do so.    If called upon to do so, the defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing.    In carrying out her obligations under this paragraph defendant shall neither minimize her own involvement or fabricate, minimize or exaggerate the involvement of others. If the defendant intentionally provides any incomplete or untruthful statements or testimony, her actions shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forebear from bringing additional charges as may be otherwise set forth in this agreement.

The defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement.    If the defendant provides incomplete or untruthful statements in her personal financial statement, her action shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges

7

against her notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this agreement.

Provided that the defendant commits no new criminal offenses and provided she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that the defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

The United States reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to

the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

The United States reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States, the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the defendant has provided substantial assistance and recommending a sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the assessment by the United States of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

The defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of

the Federal Rules of Criminal Procedure, should the United States exercise its discretion to file such a motion.

11.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees.   The assets to be forfeited specifically include, but are not limited to, a money judgment in the approximate amount of $1,347,996, representing proceeds obtained as a result of the offense charged in Count 1 of the Indictment, for which the defendant shall be jointly and severally responsible with her co-conspirators.   The defendant also agrees to waive all constitutional, statutory and procedural challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.   The defendant also agrees that she has no right to challenge the forfeiture under 28 U.S.C. § 2255, which addresses challenges to the custodial aspect of a sentence.

The defendant admits and agrees that the conduct described in the accompanying Factual Basis provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.   Pursuant to the

10

provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the amount of the proceeds of the offense(s) to which defendant is pleading guilty is approximately $1,347,996 as to the defendant and enter an order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.   In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees that the United States shall, at its option, be entitled to the forfeiture of any property (substitute assets) of the defendant up to the value of the money judgment.   The Court shall retain jurisdiction to settle any disputes arising from application of this clause.   The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

The defendant agrees to take all steps necessary to identify and locate all substitute assets and to transfer custody of such assets to the United States before the defendant's sentencing.   The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets.   The defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. §

1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of any cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to any substitute assets before the defendant's sentencing. In addition to providing full and complete information about substitute assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

12.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States within 30 days of execution of this agreement an affidavit reflecting the defendant's financial

condition.    The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party.    The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years.    The defendant similarly agrees and authorizes the United States to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

13.     Defendant's Waiver of Right to Appeal the Sentence

The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by

13

Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the District Court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

14.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Fraud Section of the Criminal Division of the U.S. Department of Justice and the United States Attorney's Office for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

15.   <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel.   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.   The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for

perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

16.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the accompanying Factual Basis are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

17.    FRCP 11(f) and FRE 410 Waiver and Use of Plea Agreement

Defendant agrees that if she fails to comply with any of the provisions of this agreement, including the failure to tender such agreement to the Court, the failure to enter a change of plea in court pursuant to this agreement, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charge identified in paragraph one above), the United States will have the right to characterize such conduct as a breach of this agreement. In the event of such a breach: (a) the United States will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the defendant's

release (for example, should the defendant commit any conduct after the date of this agreement that would form the basis for an increase in the defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer, or Court – the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the defendant will not have the right to withdraw the guilty plea; (c) the defendant shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by her pursuant to this agreement, including offering into evidence or otherwise using this Plea Agreement and the Factual Basis associated with this Plea Agreement.  The Defendant further agrees to stipulate to the admission of the entire Plea Agreement, or any portions thereof, and to the admission of the Factual Basis, or any portions thereof, in any criminal proceeding brought by the United States.  The Defendant agrees not to seek to limit use of the Plea Agreement or the Factual Basis by the United States in any criminal proceeding.

17

18.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the United States and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

19.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

A. LEE BENTLEY, III
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF FLORIDA

Date: _Nov 7, 2016_    By: _____
CHRISTOPHER J. HUNTER
SENIOR TRIAL ATTORNEY
U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

Date: _10/31/16_    By: _____
NALITA RAJKUMAR
DEFENDANT

Date: _Nov. 3, 2016_    By: _____
or MARK L. HORWITZ, ESQ.
COUNSEL FOR NALITA RAJKUMAR

18